UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

GERALD CARMICHEAL CAMPBELL, )
)
    Claimant, )
)
v. )   Case No. CV412-304
)
MICHAEL J. ASTRUE, )
*Commissioner of Social Security*,[1] )
)
    Defendant. )

## REPORT AND RECOMMENDATION

Gerald Campbell, proceeding *pro se*, has filed a complaint asking the Court to review the denial of his social security disability claim. (Doc. 1.) His request for leave to proceed *in forma pauperis* (doc. 2) is **GRANTED**, as it appears that he is utterly destitute and thus lacks sufficient resources to pay the $350 filing fee. His case, however, should be dismissed.

Federal judicial review of such cases is provided for in 42 U.S.C. § 405(g), which provides in pertinent part:

---

[1] Campbell also named an Administrative Law Judge, Social Security Disability Adjudication, and the Appeals Counsel as defendants (doc. 1 at 3), but the only proper defendant is the Commissioner of Social Security. *See* 42 U.S.C. § 405(g). The Court has corrected the caption and all further pleadings shall conform. Additionally, the Clerk is **DIRECTED** to amend the docket accordingly.

> Any individual, after any *final decision* of the Commissioner of Social Security *made after a hearing to which he was a party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security with or without remanding the case for a rehearing.

42 U.S.C. § 405(g) (emphasis added). Section 405(h) provides that "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or government agency except as herein provided." 42 U.S.C. § 405(h). Accordingly, a plaintiff may bring an action against the Commissioner only where he has been a party to a hearing before the Commissioner (or Administrative Law Judge) and only where the Commissioner has made a "final decision" on his claim.

Plaintiff here alleges only that he has been denied benefits. (Doc. 1.) He has failed to allege that the Commissioner's decision denying such benefits was final. And the complaint is devoid of any factual allegations from which the Court can infer that a final decision (within the meaning of the Act) has been made by the Commissioner. In associated filings, however, he attached a letter which suggests that his counsel in the

2

administrative matter filed an appeal on June 28, 2012, but she did not expect a response for 14-20 months. (Doc. 5 at 2.) While Campbell insists that his counsel abandoned him by withdrawing from the case when he insisted on coming to this Court (*id.* at 1), it remains unclear whether he has actually fully exhausted the administrative process rather than just jumping ship to bring the matter to this Court's doorstep prematurely.

Nor has plaintiff alleged facts showing that he filed this case within 60 days of a final decision denying benefits, if there was such a decision. Hence, Campbell has failed to establish that the Court has jurisdiction to consider his claim. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety.").[2]

---

[2] "[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh*, 546 U.S. at 514. Because federal courts are courts of limited jurisdiction, they are presumed to lack subject matter jurisdiction in a particular case "unless the contrary affirmatively appears." *General Atomic Co. v. United NuclearCorp.*, 655 F.2d 968, 968–69 (9th Cir.1981).

Consequently, this case should be **DISMISSED** without prejudice. Campbell's motion for appointment of counsel (doc. 3) is **DENIED**.

**SO REPORTED AND RECOMMENDED** this 31st day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA